IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBBIE K, JOHNSON,              )
                               )
            Plaintiff,         )    Case No. 06-6126-HO
                               )
            v.                 )    ORDER
                               )
Commissioner of Social Security,  )
                               )
            Defendant.         )
_____)

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability beginning April 22, 2002, due to acute myeloid leukemia (in remission), a very narrow airway, atrial tachycardia, aspergillus in throat and lungs, arthritis in back, headaches, speech impaired vocal chords, diabetes, severe lower back pain, breathing

1 - ORDER

problems, no concentration, fatigue, and depression.  Tr. 76.  After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred in rejecting plaintiff's testimony and rejecting the opinion of plaintiff's treating physician.

A.   Plaintiff's Testimony

Plaintiff testified that she has severe headaches which lasted sometimes one to two days, problems breathing, and bone pain.  Tr. 418.  Plaintiff testified that she has to lie still when she has a headache and that she is not rested when she wakes up in the morning due to breathing problems.  Tr. 424-25.  Plaintiff also testified that lying flat, standing, and walking aggravates her back.  Tr. 419-20.

The ALJ found that plaintiff suffers severe impairments from acute myeloid leukemia (in remission), obesity, history of aspergillus infection, degenerative disc disease and degenerative joint disease, headaches, and gastrointestinal reflux disease.  Tr. 17.  However, the ALJ found plaintiff's testimony, to the extent it demonstrated inability to work, to lack credibility.

In rejecting a claimant's testimony, the ALJ must perform a two stage analysis.  Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996).  The first stage is the Cotton test.  Under this test a claimant must

2 - ORDER

produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  All that is required of the claimant is that she produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged.  In addition, there must be no evidence of malingering.  A claimant need not show that the impairments in fact did cause the symptoms.  Id. at 1281-82.  The claimant need not produce objective medical evidence of the symptoms themselves or their severity.  Id. at 1282.  Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of her symptoms.  The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so.  Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings.  Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained

> or inadequately explained failure to seek treatment or to
> follow a prescribed course of treatment; and (3) the
> claimant's daily activities. . .  In evaluating the
> credibility of the symptom testimony, the ALJ must also
> consider the factors set out in SSR 88-13. . . . Those
> factors include the claimant's work record and observations
> of treating and examining physicians and other third
> parties regarding, among other matters, the nature, onset,
> duration, and frequency of the claimant's symptoms;
> precipitating and aggravating factors; functional
> restrictions caused by the symptoms; and the claimant's
> daily activities.

Smolen, 80 F.3d at 1284.

The ALJ found plaintiff's complaints of disabling symptoms not fully supported by objective evidence. Tr. 18-19. Given the subjective nature of pain, however, this reason is not clear and convincing by itself.

The ALJ concluded that plaintiff's headaches are controlled with medication such as tylenol and percocet. Tr. 19. Plaintiff testified that while symptons do generally go away with medication, she also requires a couple hours of lying down in combination with the medication. Tr. 432. The ALJ concluded that plaintiff has not had any symptoms or limitations due to aspergillus infection since April 22, 2002. Tr. 19. However, the record does show continued problems with breathing related to aspergillus. See, e.g., Tr. 301 (February 14, 2003, reactive asthma).

The ALJ noted that despite allegations of fatigue beginning in 1998, plaintiff continued to work until April 2002 and she only stopped working then because she was laid off. Tr. 19. However, the record reveals that fatigue prior to the end of her job resulted from

4 - ORDER

leukemia and the therapy to treat it.    After plaintiff's leukemia went into remission, the record does show she got better.  However, plaintiff reported chronic fatigue occurring again in October of 2002.  Tr. 223.  While the ALJ does note that when plaintiff loses weight she reports feeling better, (Tr. 19-20) the record also reveals fluctuating weight and waxing and waning of symptoms. Plaintiff's abilities to engage in some exercise and household chores does not demonstrate an ability to work consistently.  The ALJ did not provide clear and convincing reasons for rejecting claimant's testimony.


B.   Plaintiff's Treating Physician

     Dr. George Spady opined that plaintiff   would likely miss two or more days a month of work due to a combination of her impairments. Tr. 368.  The ALJ rejected this opinion.

     Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor.  Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985).  If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).  To meet this burden the ALJ must set out a

5 - ORDER

detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings.    Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

The ALJ concluded Dr. Spady provided no objective findings to support his opinion and that it is inconsistent with his treatment records and other medical records. Tr. 20-21. The ALJ specifically found plaintiff's asthma to be controlled, that plaintiff's sleep apnea is mild, that plaintiff received little treatment for back pain, and that plaintiff's headaches are controlled with medication. However, Dr. Spady could reasonably conclude that plaintiff has sleep apnea (Tr. 337)(Dr. Mulcahy diagnoses "probable severe obstructive sleep apnea). Dr. Spady only noted Asthma flares, which is supported by the record. See, e.g., Tr. 294, 308, 321, 377, 382. As noted above, while medications did bring relief from headaches, plaintiff also required a couple of hours of rest. In addition, lack of treatment for back pain does not contradict Dr. Spady's opinion. The ALJ erred in rejecting Dr. Spady's opinion.

A vocational expert stated that if plaintiff were limited as opined by Dr. Spady, work would be precluded. Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the court generally credits that opinion as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989). Accordingly, plaintiff is entitled to benefits.

6 - ORDER

<u>CONCLUSION</u>

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for an award of benefits.


DATED this ___28th___ day of _February_____, 2007.


                                    s/ Michael R. Hogan
_____
                                    UNITED STATES DISTRICT JUDGE

7 - ORDER